IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANDY ORTIZ and RICHARD GUTIERREZ, Individually and on behalf of all others similarly situated | § § § § | |
| *Plaintiffs*, | § § | Civil Action No.  2:14-CV-490 |
| v. | § § | |
| SHERWIN ALUMINA COMPANY, LLC | § § | JURY TRIAL DEMANDED |
| *Defendant* | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Andy Ortiz and Richard Gutierrez bring this action individually and on behalf of all current and former employees (hereinafter "Plaintiffs and the Potential Class Members") of Defendant Sherwin Alumina Company, LLC (hereinafter "SAC"), to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I. OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiffs and the Potential Class Members are those persons who are current and former non-exempt employees of Defendant SAC who worked there within the last three years.

1.3     Plaintiffs and the Potential Class Members work (or worked) numerous pre-shift, post-shift and other hours in excess of forty (40) hours per week, for which they have not received proper overtime compensation.

1.4     Defendant SAC also has not provided Plaintiffs and the Potential Class Members with an itemized statement of all hours worked with each payment of wages and has not maintained records of all hours worked as required by the FLSA.

1.5     Moreover, Defendant SAC knowingly and deliberately failed to compensate Plaintiffs and the Potential Class Members with overtime pay for many of their hours worked in excess of forty (40) hours per workweek.

1.6     Therefore, Defendant SAC's compensation policy violates the FLSA mandate that non-exempt employees, such as Plaintiffs and the Potential Class Members, be compensated at one and one-half times their actual regular rate of pay for each hour worked beyond forty (40) per workweek.

1.7     Plaintiffs and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.8     Plaintiffs and the Potential Class Members seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.9     Plaintiffs also pray that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Andy Ortiz ("Ortiz") is an individual who resides in Corpus Christi, Nueces County, Texas. Plaintiff Ortiz has been employed by Defendant SAC within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Ortiz has not

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

received overtime compensation for many of the hours he has worked in excess of forty (40) hours per workweek.[2]

2.2     Plaintiff Richard Gutierrez ("Gutierrez") is an individual who resides in Corpus Christi, Nueces County, Texas. Plaintiff Gutierrez has been employed by Defendant SAC within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Gutierrez has not received overtime compensation for many of the hours he has worked in excess of forty (40) hours per workweek.[3]

2.3     The Potential Class Members are those current and former non-exempt employees of Defendant SAC who were subjected to the same illegal pay system under which Plaintiffs Ortiz and Gutierrez have worked and were paid.

2.4     Defendant SAC is a foreign limited liability company, having its principal place of business in Gregory, Texas, and may be served with process through its registered agent for service, Corporation Service Company d/b/a CSC—Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Defendant SAC because the cause of action arose within this district as a result of Defendant SAC's conduct within this district.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[2] The written consent of Andy Ortiz is attached hereto as Exhibit "A."
[3] The written consent of Richard Gutierrez is attached hereto as Exhibit "B."

3.4     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Southern District of Texas.

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendant SAC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendant SAC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendant SAC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiffs' and the Potential Class Members' employment by Defendant SAC, these individuals provided services for Defendant SAC that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiffs and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiffs and the Potential Class Members are (or were) non-exempt employees of Defendant SAC who were engaged in the production of aluminum oxide (alumina) from bauxite for Defendant SAC and its customers. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiffs and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees of Sherwin Alumina Company, LLC, from December 17, 2011 to the present, who were not paid overtime compensation for all hours worked in excess of forty hours per workweek."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant SAC.

## V.
## FACTS

5.1     Defendant SAC is an aluminum oxide (alumina) plant located in Gregory, Texas and has operated there since 1953.[4] The primary function of the plant is to extract alumina from bauxite ore.[5]

5.2     Since at least December 2011, Defendant SAC has employed Plaintiffs and many hundreds of similarly situated individuals (Potential Class Members) at this facility.

5.3     Plaintiffs and the Potential Class Members are required by Defendant SAC to engage in numerous unpaid or underpaid off-the-clock work activities including: donning protective clothing and safety equipment before paid shifts begin, then walking from locker rooms to assigned work stations within the plant before paid shifts begin, then remaining on the job after paid shifts

---

[4] *See* http://www.sherwinalumina.com/page.php?name=about-us.
[5] *See* http://www.sherwinalumina.com/page.php?name=what-we-do.

end until relief arrives, then walking from assigned work stations back to locker rooms after paid shifts end, then doffing protective clothing and safety equipment and cleaning up after paid shifts have ended, and transporting and laundering contaminated work clothing while off duty and without pay.

5.4     The unpaid time described above is compensable work under the FLSA.

5.5     Upon information and belief, there is no agreement or agreed practice in place for Plaintiffs and the Potential Class Members to be uncompensated for time spent donning, doffing and cleaning up after work.

5.6     The uncompensated work performed by Plaintiffs and the Potential Class Members accounts for many hours of unpaid work per week by each Plaintiff and the Potential Class Members.

5.7     Defendant SAC also failed to make and keep records of all of the hours worked by Plaintiffs and the Potential Class Members in violation of the FLSA.

5.8     Upon information and belief, these unlawful pay practices of Defendant SAC are consistent for Plaintiffs and the Potential Class Members employed by Defendant SAC.

5.9     Defendant SAC's denial of overtime compensation payable to Plaintiffs and the Potential Class Members is and has been willful and deliberate.

5.10    Defendant SAC has also knowingly and intentionally failed to provide Plaintiffs and the Potential Class Members with itemized statements of total hours worked with each payment of wages.

5.11    Moreover, Defendant SAC has intentionally failed to maintain required records of hours worked by Plaintiffs and the Potential Class Members.

# VI.
# CAUSES OF ACTION

A. **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     Defendant SAC violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for many of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendant SAC knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation for many of the overtime hours they worked. 29 U.S.C. § 255(a).

6.3     Defendant SAC knew or should have known their pay practices were in violation of the FLSA.

6.4      Defendant SAC is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.5     Plaintiffs and the Potential Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendant SAC to pay them according to the law.

6.6     The decisions and practices by Defendant SAC to not pay overtime for many of the overtime hours worked was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiffs and the Potential Class Members are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### B. COLLECTIVE ACTION ALLEGATIONS

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all current and former SAC employees who are (or were) similarly situated to Plaintiffs Ortiz and Gutierrez with regard to the work they have performed and the manner in which they have been underpaid.

6.9     Other similarly situated employees of SAC have been victimized by SAC's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Potential Class Members are "all current and former employees who were employed by Defendant SAC from December 17, 2011 to the present, who were not paid overtime compensation for many of the overtime hours they worked in excess of forty (40) hours per workweek."

6.11    Defendant SAC's failure to pay overtime wages for many of the overtime hours worked by SAC employees at the overtime rates required by the FLSA results from generally applicable policies and practices of SAC, and does not depend on the personal circumstances of the Plaintiffs and Potential Class Members.

6.12    Thus, Plaintiffs' experiences are typical of the experiences of the Potential Class Members.

6.13    The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.14    All of the Potential Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.16　　Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF SHERWIN ALUMINA COMPANY, LLC, FROM DECEMBER 17, 2011 THROUGH THE PRESENT, WHO WERE NOT PAID OVERTIME COMPENSATION FOR MANY HOURS WORKED IN EXCESS OF FORTY (40) HOURS PER WORKWEEK.**

## VII.
## RELIEF SOUGHT

7.1　　Plaintiffs respectfully pray for judgment against Defendant SAC as follows:

　　　a.　　For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant SAC to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

　　　b.　　For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

　　　c.　　For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

　　　d.　　For an Order pursuant to Section 16(b) of the FLSA finding Defendant SAC liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

　　　e.　　For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

　　　f.　　For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

   g. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   h. For an Order compelling the accounting of the books and records of Defendant SAC; and

   i. For an Order granting such other and further relief as may be necessary and appropriate.

       Respectfully submitted,

   By: /s/ *Clif Alexander*
     Clif Alexander
     Federal I.D. No. 1138436
     Texas Bar No. 24064805
     calexander@swhhb.com
     SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
     802 N. Carancahua, Suite 900
     Corpus Christi, Texas 78401
     Telephone:  361/653-3300
     Facsimile: 361/653-3333

     AND

     /s/ *David L. Kern*
     David L. Kern
     Texas Bar No. 11334450
     dkern@kernlawfirm.com
     KERN LAW FIRM
     309 East Robinson
     El Paso, Texas 79902
     Telephone:  915/542-1900
     Facsimile: 915/242-0000

     **ATTORNEYS IN CHARGE FOR PLAINTIFFS AND POTENTIAL CLASS MEMBERS**

OF COUNSEL:

Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
csico@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333